MURPHY, PEARSON, BRADLEY & FEENEY
JAMES A. MURPHY, ESQ. (Ca. State Bar #062223)
88 Kearny Street, 10th Floor
San Francisco, CA 94108
Telephone: (415) 788-1900
Facsimile: (415) 393-8087

Counsel for Defendants Manufacturers and
Traders Trust Company and
Cheryl R. Storie

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPI SCHAFLER,<br><br>            Plaintiff<br><br>        vs.<br><br>HSBC BANK USA<br>SCOTT D. MILLER<br>MANUFACTURERS AND TRADERS<br>TRUST COMPANY<br>CHERYL R. STORIE,<br><br>            Defendants. | Civil Case No. C-06-05908 PJH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER ACTION**<br><br>Date: January 17, 2007<br>Time: 9:00 a.m.<br><br>**Honorable Phyllis J. Hamilton** |

### Introduction

The plaintiff, a persistent *pro se* litigant, seeks to continue in California a nearly 20 year battle against two New York banks, and lawyers who represented them. These claims were considered, and ultimately dismissed, in a New York state court proceeding. Plaintiff does not plead material facts that go beyond the allegations made in the New York action, and despite reciting a conclusory litany of legal theories, the complaint fails to state a cause of action. Further, the action is untimely, and barred by *res judicata*. Finally, venue is not proper in this Court, nor can the Court exercise personal jurisdiction over the individual defendants.

This memorandum is submitted in support of the motion to dismiss filed by defendants Manufacturers and Traders Trust Company ("M&T Bank"), and Cheryl R. Storie.

The grounds for dismissal are the same as those advanced by co-defendants HSBC Bank USA ("HSBC") and Scott D. Miller, and M&T Bank and Ms. Storie adopt their arguments and authorities, and in particular the Declaration of Michael B. Powers, dated November 8, 2006, describing the history of the New York litigation. In the interests of economy this memorandum will only summarize the reasons this action should be dismissed.

## Argument

1. *Res Judicata*. Ms. Schafler has filed an amended complaint, but has not corrected any of the fundamental deficiencies in the original. This is not surprising, as no degree of careful pleading could overcome the fact that she already has litigated these claims against the bank defendants, and this Court is obligated to give the New York court's dismissal preclusive effect.[1] New York applies a transactional analysis to claim preclusion, and bars not only the relitigation of legal claims already determined, but also those claims that could have been asserted based on the same operative facts.[2] All of the requirements of claim preclusion have been met. Plaintiff's claims against M&T Bank are barred. Plaintiff's claims against Ms. Storie, which are based entirely on her work for M&T Bank, should be dismissed as well.

2. Statute of Limitations. New York law governs the limitations periods for the various legal theories listed in the amended complaint. As set out in detail by co-defendants, each of those claims, even had it been adequately pleaded, is barred by the applicable statute of limitations. Plaintiff claims her funds were converted due to a conspiracy in November of 1985. There is no legal theory that would afford plaintiff 21 years to file. Nor is there any plausible claim that the existence of the claims was somehow concealed, given that plaintiff has been litigating them since 1987. The claims are time barred.

---

[1] See *Matsushita Elec. Indus. Co. Ltd. v. Epstein*, 516 U.S. 367, 116 S.Ct. 873, 877-78 (1996); *Takahashi v. Board of Trustees*, 783 F.2d 848, 850 (9th Cir. 1986).

[2] See *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 688-89 (1981).

2

3.  <u>The Court lacks jurisdiction over Ms. Storie</u>. The Plaintiff's claims have no connection to California, and neither does Ms. Storie. As spelled out in her declaration she has never lived in California, has no assets in the State, and does not do business here. There is no basis for this Court to exercise either general or specific jurisdiction.[3]

4.  <u>There is no proper venue in this District</u>. Giving the amended complaint the benefit of every doubt, it includes federal claims, making 28 U.S.C. §1391(b) the controlling statute. As set out in Mr. Miller's and Ms. Storie's declarations, all of the defendants "reside" in New York, all actions conceivably giving rise to the complaint took place in New York, and the action plainly could have been brought in the Western District of New York. Venue is not proper in this district. Moreover, given the deficiencies in the complaint, the Court should dismiss the action, rather than transfer the case to the Western District of New York.

## Conclusion

The plaintiff has had many, many days in court. The orderly administration of justice, and basic fairness to the defendants, dictate that at least with respect to these claims this should be her last. M&T Bank and Ms. Storie, for the reasons noted above and set out in detail in their co-defendants' motion, respectfully request this Court to dismiss this action, with prejudice, and that the Court enter an appropriate order limiting her ability to file any further actions.

DATED:    November 13, 2006

MURPHY, PEARSON, BRADLEY & FEENEY

By:    /S/ **James A. Murphy**

James A. Murphy
Attorneys for Defendants
MANUFACTURERS AND TRADERS TRUST COMPANY   AND CHERYL R. STORIE

---

[3] *See generally Panavision Intern, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

4